RECEIVED

OCT 18 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES RIGGINS, | Civil Action No. 13-5290 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SERGEANT LYSCZAK, et al., | |
| Defendants. | |

    Plaintiff James Riggins, a pre-trial detainee confined at Mercer County Correctional Center, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

    Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

    The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be

ORDERED that Plaintiff's request to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

3

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

                                        _/s/ Peter G. Sheridan_
                                        PETER G. SHERIDAN
                                        United States District Judge